IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRETT JONES-THEOPHILIOUS,<br>a.k.a. Brett Son of Isaac,<br>a.k.a. Keeffe Branch Trikill,<br><br>    Defendant. | CRIMINAL NO.: 13-58 (CCC) |

**REPORT AND RECOMMENDATION**

Pending before the court is defendant's *pro se* motion to dismiss (D.E. 19), informative motion (D.E. 24), and "affidavits" (D.E. 37; 39; 40). The government has filed a response in opposition (D.E. 50), along with a supplemental response (D.E. 51). For the reasons set forth below, defendant's motion to dismiss should be denied.

As an initial matter, defendant requests that the court state the basis for its jurisdiction over this case. (D.E. 19, at 2; 24, at 2; 39, at 2). Defendant has been indicted under 18 U.S.C. § 2250(a). (See D.E. 16). The court, therefore, has jurisdiction over the instant case pursuant to 18 U.S.C. § 3231, which grants U.S. district courts original jurisdiction over all offenses against the laws of the United States. Defendant also points to "the Fact that the Cause Caption has changed and the cause Number is in a differ [*sic*] venue without hearing and or notice" as a violation of due process. (D.E. 19, at 1; see also D.E. 24, at 1; 39, at 2). Reassigning a case number once an indictment has been returned by the grand jury, however, is a standard administrative procedure which does not involve a change of venue.

Defendant states that he had no prior notice of the convening of the grand jury and that he "[d]emanded to be present at the Grand Jury proceedings." (D.E. 19, at 1). However, "nothing in Rule 6(b)(1) bestows any right to notice of a grand jury proceeding." Raines v. Hollingsworth, Civ. No. 08-1016-KES, 2010 WL 1409442, at *8 (D.S.D. Apr. 2, 2010) (citing Fed. R. Crim. P. 6, the rule pertaining to grand juries). Rather, "the comments to Rule 6(b)(1) state that '[i]t is not contemplated … that defendants held for action of the grand jury shall receive notice of the time and place of the impaneling of a grand jury[.]'" Id. (quoting Fed. R. Crim. P. 6(b)(1), advisory committee's note). Nor does defendant have a right to be present at a grand jury proceeding. See id. (citing United States v. Tepoel, No. 07-CR-66-BBC, 2008 WL 2828829, at *1 (W.D. Wis. Apr. 10, 2008)); Fed. R. Crim. P. 6(d).

Defendant argues that the indictment was based on false information presented to the grand jury. (D.E. 19, at 2). "The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process …." United States v. R. Enterprises, Inc., 498 U.S. 292, 301 (1991) (internal quotation omitted). Without any particularized proof of irregularities, therefore, "judicial inspection of grand jury materials is inappropriate." United States v. Columbo, No. 04 CR. 273 (NRB), 2006 WL 2012511, *3 n.9 (S.D.N.Y. July 18, 2006); see also United States v. Calandra, 414 U.S. 338, 350 (1974) ("Any holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." (internal quotation omitted)).

Defendant also raises issues with access to the courts due to restricted access to legal research and failure to produce discovery. (D.E. 24, at 2–4; 37, at 3; 39, at 1–2, 5, 8; 40, at 7–9; 40-1, at 4). Moreover, defendant appears to present a list of interrogatories for the government.

(D.E. 39, at 2–6). In its supplemental response (D.E. 51), the government has indicated that the Metropolitan Detention Center, where defendant is located, "is slowly coming out of lock-down status." (D.E. 51, at 2). As such, "inmates will be allowed out of their cells for a period of two hours per day, during which time the defendant herein, should he so choose, can use that time to access the computer that is available in each unit, and thus can conduct his computer legal research." Id. In light of this representation, defendant's arguments pertaining to lack of access to legal research should be deemed moot. The government has also represented that it will send copies of two discovery packages to defendant in paper format in compliance with Rules 16 and 26.2 of the Federal Rules of Criminal Procedure; Brady v. Maryland, 373 U.S. 83 (1963); and Giglio v. United States, 405 U.S. 150 (1972). (D.E. 50, at 12). Furthermore, the court has entered an order addressing this concern. (D.E. 59).

    Having been charged with failure to register under the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), defendant argues that he was not required to register under SORNA because he is a tier I sex offender and eligible for a clean-record reduction, (D.E. 37, at 6; 40, at 1, 5), and that he in fact notified New Mexico and Puerto Rico, (D.E. 39, at 8; 40, at 1). SORNA "requires sex offenders to register, and to keep their registrations current, in each jurisdiction where they reside, work, or attend school." United States v. Parks, 698 F.3d 1, 3 (1st Cir. 2012). Depending on whether one is a "tier I," "tier II," or "tier III sex offender," an individual required to register under SORNA is subject to a "full registration period" of fifteen years, twenty-five years, or life. 42 U.S.C. § 16915(a). Under certain circumstances, the registration period for an individual required to register under SORNA may be reduced by "maintain[ing] a clean record." 42 U.S.C. § 16915(b)(1).

For a motion to dismiss the indictment, "[w]hat counts … are the charging paper's *allegations*, which we must assume are true." United States v. Guerrier, 669 F.3d 1, 3–4 (1st Cir. 2011) (emphasis in original). "[I]n the ordinary course of events, a technically sufficient indictment handed down by a duly empaneled grand jury 'is enough to call for trial of the charge on the merits.'" Id. at 4 (quoting Costello v. United States, 350 U.S. 359, 363 (1956)). "When grading an indictment's sufficiency, we look to see whether the document sketches out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." Id. at 3.

Defendant's arguments "do[] not suggest that his indictment flunks this test." Id. Defendant has been charged with traveling from New Mexico to Puerto Rico and "knowingly fail[ing] to register with the Commonwealth of Puerto Rico authorities, as required by the Sex Offender Registration and Notification Act," even though he was "an individual required to register under the Sex Offender Registration and Notification Act by reason of having been convicted for a sex offense on or about October 6, 1998, under the laws of the State of Arizona." (D.E. 16, at 1). Regardless of which "tier" defendant belongs to under SORNA, the full registration period is at least fifteen years. Because, according to the indictment, defendant was convicted on or about October 6, 1998, fifteen years necessarily had not yet elapsed when he allegedly failed to register in Puerto Rico. Whether defendant is a "tier I sex offender" under SORNA and whether defendant qualifies for the "reduced period for clean record," 42 U.S.C. § 16915(a), (b), are factual questions for the jury to consider. Similarly, whether defendant in fact notified the Commonwealth of Puerto Rico is a "question[] of fact pertaining to the 'general issue' of the case." United States v. Remington, No. 5:07-CR-49 (FJS), 2008 WL 312770, at *1 (N.D.N.Y. Feb. 1, 2008) (quoting United States v. Alfonso, 143 F.3d 772, 776–77 (2d Cir.

4

1998)).  "A motion to dismiss an indictment is not a device for a summary trial of the evidence, but rather is directed only to the question of the validity of the indictment on its face."  United States v. Marbelt, 129 F. Supp. 2d 49, 56 (D. Mass. 2000) (internal quotation omitted); see also United States v. Rodríguez, 738 F.2d 13, 16 (1st Cir. 1984) ("[A]n indictment, valid on its face, returned by a legally constituted grand jury, calls for a trial on the merits.").

Finally, defendant states that "[t]he Accused is an Artificial Entity" and contrasts the "defendant" with the "presenter."  (D.E. 19, at 1; 24, at 1–3; 37, at 6; 39, at 2–3, 7; 40, at 11; 40-1, at 3–4).  To the extent that this constitutes an argument that criminal liability should not ensue to the defendant as a result, it is a factual question reserved for trial.  See United States v. Russell, 919 F.2d 795, 797 (1st Cir. 1990) ("As a general rule, when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial.").  Defendant has also made numerous assertions pertaining to bonds, debts, and "security violations."  (D.E. 40, at 9; see D.E. 37, at 2–3, 5; 39, at 3, 6; 40, at 3–9; 40-1, at 1–2, 4–8).  Nevertheless, it is not readily apparent the relevance of these allegations or the relief which defendant seeks.

Therefore, it is hereby **RECOMMENDED** that defendant's motion to dismiss (D.E. 19) be **DENIED**.

**IT IS SO RECOMMENDED.**

The parties have fourteen (14) days to file any objections to this report and recommendation.  Failure to file same within the specified time waives the right to appeal this report and recommendation.  Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); Local Rule 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 7th day of May, 2013.

s/Marcos E. López  
U.S. Magistrate Judge